The People of the State of Illinois ex rel. Edwin Novotny, Appellee, v. Clayton F. Smith et al., Appellants.

Gen. No. 39,432.

Opinion filed October 20, 1937.   Rehearing denied November 2, 1937.

THOMAS J. COURTNEY, State's Attorney, for appellants; JACOB SHAMBERG, J. L. SHEER and WILLIAM P. KEARNEY, Assistant State's Attorneys, of counsel.

EMIL SCHLAN, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the superior court in favor of plaintiff for the sum of $1,186.25, wherein the court directed the issuance of a writ of mandamus against the defendants, commanding that they forthwith cause a warrant on the county treasurer of Cook county to be drawn, properly indorsed and payable to plaintiff Edwin Novotny for the aforesaid sum, as provided under "An act for the relief of the blind," said amount representing amounts for the period from March 24, 1933, to and including July 1, 1936, and commanding the defendants on to wit, October 1, 1936, to cause a warrant to be drawn on the county treasurer, properly indorsed, payable to plaintiff in the sum of $91.25, under ¶¶ 109–117 (1) of the act entitled, "Benefits for Blind Adults," Cahill's 1933 Rev. St. ch. 23, §§ 1–10, and to certify the name of the plaintiff to be placed on the register of the clerk of the county court as entitled to the benefits of the act and that his name be certified as entitled to the benefits of the act on and after October 1, 1936.

The answer denies that Edwin Novotny is entitled to the relief prayed for in the petition for mandamus, because they say he lives with his father and mother; that he is well cared for and supported by his parents;

that the said parents have sufficient income to care for all his needs.

Further answering defendants say that due to the economic conditions existing in and around the county of Cook, it has been impossible for the taxing bodies of Cook county to collect the full amount of taxes due and owing the said county; that due to the said failure of tax collections, these defendants are financially unable at the present time to pay all applicants for blind relief, but have appropriated the sum of $475,000, to pay said applicants; that said amount will render relief for 1,300 applicants for the year 1935; that said application number 2867 has been reached as of this date and in due course application number 3038 (plaintiff's application number) will be reached and acted upon by said defendants.

According to the report of the proceedings the cause was tried upon a stipulation which reads as follows: ". . . it being agreed between the respective parties by their attorneys that this cause be submitted to the court upon the following facts as the same appear from the following statements:" Then follows a statement of alleged facts on behalf of plaintiff which in turn is followed by another statement on behalf of defendants.

After the attorney for the plaintiff has recited the facts relating to the plaintiff's condition and his compliance with the statute, it is then stated by way of stipulation: ". . . and that he is entitled to relief as provided in Sections 109 to 117 (1) of Chapter 23, Cahill's 1933 Revised Statutes of the State of Illinois; that said application containing petitioner's name, address and number of application, was duly registered by the said clerk of the County Court of Cook County, Illinois; that petitioner has complied with all the provisions of the act entitled, 'Benefits for Blind Adults,' . . ."

These are in a large measure the controlling questions in dispute in the case and we are confronted with a stipulation of the parties which, if followed, would only permit the determination of the issues in favor of plaintiff. The state having agreed with the plaintiff as to such stipulation, the plaintiff in turn accommodatingly agreed to a stipulation on behalf of the defense which provides, among other things: ". . . that petitioner was being supported by his father; that the statute in question was designed to meet the cases of persons who had no such support; that the word 'income' in the statute was used in a broad sense, and that it included income from all sources and not only income of the petitioner; in other words, if petitioner's father afforded him support, petitioner was receiving an income to that extent; that, therefore, he had an income in excess of the amount prescribed by statute, . . ." This part of the stipulation, of course, would be a defense, but if we were to accept both stipulations, which are contrary to each other, we would be confronted with an agreement on behalf of plaintiff that he should recover and another agreement on behalf of the defense that plaintiff should not recover.

Counsel for plaintiff then argues the validity of the statute and cites cases for and against the upholding of the same. This court is not empowered under the law to pass upon the validity or the constitutionality of any statute. The stipulations which are presented here are so confusing and contradictory that we are unable to pass upon the evidence.

We are obliged to remand this case for a new trial, so that it may be tried in the usual manner by the production of witnesses. At the present time all we can say from a review of the record before us is that the manifest weight of the evidence does not support the judgment of the trial court. The decision reached in this case is quite an important matter as it involves

the compulsory spending of vast sums of money from public revenue by court order and the rule that a writ of mandamus should not issue unless the right to the same is very plain, will not permit us to affirm the judgment of the trial court, when we are precluded from knowing the evidence. Inasmuch as this case must be retried we refrain from further discussion at this time.

For the reasons herein given the judgment of the superior court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

Hebel, P. J., and Hall, J., concur.